UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

WESTERN DIVISION

---

ROCKFORD BREWING COMPANY,
INC., 200 Prairie Street, Rockford, Illinois
61107

Plaintiff,

v.

ROCKFORD BREWING COMPANY,
INC., 12 East Bridge Street, Rockford,
Michigan 49341,

Defendant.

Case No. 14-CV-_____

---

**COMPLAINT FOR DECLARATORY JUDGMENT**

---

Plaintiff, Rockford Brewing Company, Inc. ("RBC-Illinois"), through its

attorneys, for its declaratory judgment complaint against defendant, Rockford Brewing

Company, Inc. ("RBC- Michigan"), alleges as follows:

**THE PARTIES**

1.      RBC-Illinois is an Illinois corporation with a principal place of business at

200 Prairie Street, Rockford, Illinois.

2.      Upon information and belief, RBC-Michigan is a Michigan corporation

with a principal place of business at 12 East Bridge Street, Rockford, Michigan 49341.

**NATURE OF THE ACTION**

3.      This is a declaratory judgment action in a trademark dispute that

implicates rights arising under the Lanham Act, 15 U.S.C. §1051 et seq.  Two businesses

are using the same name in connection with operating breweries. RBC-Michigan has demanded in writing that RBC-Illinois change its name and has threatened to take legal action if RBC-Illinois does not. RBC-Illinois does not wish or plan to change its name and believes its use of "Rockford Brewing Company" does not infringe any protectable interest or right of RBC-Michigan.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over RBC-Illinois's request for a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Jurisdiction also exists under 28 U.S.C. §1331 (federal question), §1332 (diversity of citizenship), and § 1338(a) (acts of Congress related to trademarks).

5.      This Court has personal jurisdiction over RBC-Michigan because the injury to RBC-Illinois from the threat by RBC-Michigan will be felt mainly in Illinois, where RBC-Illinois is located, and because in 2013 at least one of RBC-Michigan's principals visited the premises of RBC-Illinois, in this District, for commercial purposes.

6.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claim have occurred in this District, a substantial part of the property that is the subject of the action is situated in this District, and because RBC-Michigan was subject to personal jurisdiction in this District at the time the action was commenced.

## FACTS

7.      RBC-Illinois traces its commercial ancestry to 1849, when an English immigrant named John Peacock opened the "Rockford Brewery" on the shore of the Rock River in Rockford, Illinois.

8.      By the turn of the (nineteenth) century, the company was in the hands of another immigrant, John V. Petritz, who built a five-story, brick-stone factory on the site and christened it "Rockford Brewing Company."  An advertisement from 1904 featuring the name "Rockford Brewing Company" is attached as Exhibit A to this complaint.

9.      Rockford Brewing Company continued to thrive under Petritz; by 1909, the company turned out 75,000 barrels a year.  An advertisement from the era for RBC-Illinois's flagship "Nikolob" brand lager, featuring the name "Rockford Brewing Company," appears as Exhibit B to this complaint.

10.     Prohibition intervened, but when Prohibition was repealed in 1933, John V. Petritz's son picked up where his father had left off, selling Petritz Beer ("Extra Fine Since '49").  A copy of an advertisement from the post-Prohibition era, featuring the name "Rockford Brewing Company," appears as Exhibit C to this complaint.

11.     In 2000, Loyd and Diane Koch purchased the building that housed the Rockford Brewing Company.  Their intent in 2000 was to develop a mixed-use property that would include offices, loft-style apartments, a brewery, event space, and a marina. All phases of the development have taken place.

12.     At all times during the development, the history of the site --including its history as the "Rockford Brewing Company" -- has been touted.  Continuously since 2001, when the marina opened on the historic site, "Rockford Brewing Company" memorabilia and artifacts have been on display.  Examples include the 1904 advertisement that is Exhibit A to this complaint, a photograph of the brewery building with "Rockford Brewing Company" painted in large letters on the exterior, and original beer bottles featuring "RBC" in raised letters on the glass.

13.     By letter from its counsel dated November 25, 2013, RBC-Michigan demanded that RBC-Illinois immediately "cease and desist any and all use of the term 'Rockford Brewing Company'."  The letter claimed that RBC-Michigan "has the legal right to the exclusive use of [] ROCKFORD BREWING COMPANY in connection with beer and restaurant and bar services."  If RBC-Illinois did not agree, RBC-Michigan stated it would be prepared to "commence formal legal action" against RBC-Illinois."  A copy of the letter is attached to this Complaint as Exhibit D.

14.     Upon information and belief, RBC-Michigan's use in commerce of the name "Rockford Brewing Company" occurred no earlier than 2012.

15.     RBC-Michigan has disclaimed any rights to the exclusive use of the words "Rockford," "Brewing," and "Company" apart from the stylized design RBC-Michigan uses as its logo.

16.     Upon information and belief, RBC-Michigan is not licensed, registered, or otherwise authorized to sell alcohol in the State of Illinois.

17.     Upon information and belief, RBC-Michigan has not ruled out distributing beer and other products outside the State of Michigan.

18.     Upon information and belief, RBC-Michigan has not ruled out distributing beer and other products in the State of Illinois.

19.     In 2013, one of the principals of RBC-Michigan, Seth Rivard, visited the premises of RBC-Illinois and met with principals of RBC-Illinois.

## COUNT ONE
## DECLARATORY JUDGMENT

20.     RBC-Illinois hereby re-alleges and incorporates by reference the allegations of paragraphs 1-19 of this Complaint as if fully set forth herein.

21.     RBC-Illinois's rights in and to the use of "Rockford Brewing Company" are superior to RBC-Michigan's rights.

22.     RBC-Michigan does not "ha[ve] the legal right to the exclusive use of [] ROCKFORD BREWING COMPANY in connection with beer and restaurant and bar services."

23.     There exists a substantial and continuing controversy of sufficient immediacy between RBC-Illinois and RBC-Michigan to warrant the declaratory judgment RBC-Illinois seeks.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff RBC-Illinois asks this Court to enter declaratory judgment in its favor against RBC-Michigan as follows:

A.     Declaring that RBC-Illinois has not infringed and is not infringing any enforceable trademark right of RBC-Michigan;

B.     Declaring that RBC-Michigan does not "ha[ve] the legal right to the exclusive use of [] ROCKFORD BREWING COMPANY in connection with beer and restaurant and bar services."

C.     Declaring that RBC-Illinois need not cease and desist from using "Rockford Brewing Company" in commerce;

D.     Declaring that RBC-Illinois's rights in and to the use of "Rockford Brewing Company" are superior to RBC-Michigan's rights;

E.     Awarding RBC-Illinois its reasonable attorney fees; and

F.     For such other and further relief as may be just and equitable.

5

**JURY DEMAND**

RBC-Illinois hereby demands and requests a trial by jury.

Dated this 13th day of January, 2014.

s/ David G. Hanson
WI State Bar ID No. 1019486
dhanson@reinhartlaw.com
Jennifer L. Naeger
WI State Bar ID No. 1084165
jnaeger@reinhartlaw.com
Attorneys for Plaintiff
ROCKFORD BREWING COMPANY
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202

Mailing Address:
P.O. Box 2965
Milwaukee, WI 53201-2965
Telephone: 414-298-1000
Facsimile: 414-298-8097

10757919